# THOMAS WALSH *v.* HENRY MATHEWS.

IMPROVEMENT OF STREETS IN SAN FRANCISCO.—The Act of 1862 making the owner of a lot fronting on a public street in San Francisco personally liable to a contractor for an assessment on the lot for improvements on the street in front of the lot, and giving the contractor also a lien on the lot for the same, is not unconstitutional.

CASES AFFIRMED.—*Emery* v. *San Francisco Gas Company*, 28 Cal. 345; and *Emery* v. *Bradford, ante,* 75, affirmed.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

This was an action to recover from the defendant the sum of eight hundred and ten dollars and forty-three cents, being the amount of an assessment on lots owned by him under a contract made with the Street Superintendent for paving, curbing, and constructing sidewalks on Vallejo street, from Stockton to Powell, in the City of San Francisco.

Defendant claimed that the Act of 1862 was in violation of Article XI, Sec. 13, and Article I, Sec. 8 of the Constitution. Plaintiff recovered judgment in the Court below, and defendant appealed.

The other facts are stated in the opinion of the Court.

*H. H. Haight*, and *James C. Carey*, for Appellant.

*James Mee*, for Respondent.

By the Court, SAWYER, J.

It is but just to respondent's counsel to say that at the time the opinion in *Emery* v. *San Francisco Gas Company*, 28 Cal. 345, was written, their briefs in this case had not been filed, and consequently were not brought to our notice. Also, that many of the cases commented on in the opinion are cited in their briefs since filed. We have examined appellant's brief in reply, and find nothing to shake our confidence in the conclusions attained in *Emery* v. *San Francisco Gas Company*. The questions in this case are precisely the same, and must be

resolved in the same way. ' *Creighton* v. *Manson*, 27 Cal. 613, seems to have been regarded by counsel for appellant as deciding points that were not determined. It was not decided in that case that the property holder could not be made personally responsible, but only that the Act under which the improvement was made did not impose a personal liability. In this case, as in *Emery* v. *Bradford*, *ante*, 75, the work was done, and the assessment levied, under the Act of 1862, which, in express terms, makes the owner, as well as the property, liable.

The judgment is affirmed, on the authority of *Emery* v. *San Francisco Gas Company*, and *Emery* v. *Bradford*.

Mr. Justice RHODES and Mr. Justice CURREY expressed no opinion.